IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TONY NGUYEN,

   Plaintiff,

  vs.

NELNET,

   Defendant.

**4:26CV3100**

**MEMORANDUM AND ORDER**

On March 23, 2026, Plaintiff Tony Nguyen filed an unsigned Complaint, Filing No. 1.[1] On March 24, 2026, the Clerk of Court advised Plaintiff that his Complaint was unsigned and therefore deficient. The Clerk of Court directed Plaintiff to "correct the deficiency" (i.e., file a signed Complaint) within 14 days, or the pleading "may be stricken from the record of this case." Filing No. 7 (text order). Plaintiff has failed to follow the Clerk of Court's directions. Instead, Plaintiff filed an unsigned motion to proceed in forma pauperis ("IFP") on April 9, 2026. Filing No. 8. The Court also considers the IFP motion deficient because it is not signed, and Plaintiff must correct the above deficiencies before this case may proceed.

Accordingly, the Court shall order Plaintiff to file a signed Complaint and a signed IFP Motion that complies with Federal Rule of Civil Procedure 11 and the Court's Local Rules. This matter cannot proceed until the foregoing deficiencies are corrected. FAILURE TO CORRECT THE DEFECTS WITHIN 30 DAYS WILL RESULT IN DISMISSAL OF THE COMPLAINT WITHOUT FURTHER NOTICE.

---

[1] The Court notes Plaintiff typed his name in the attorney signature line of his Pro Se 1 complaint form, Filing No. 1 at 5, but nothing in the Court's records show that Plaintiff is attorney admitted to practice in this Court.

In addition, Plaintiff filed a form summons, a form waiver of the service of summons, and a blank appearance of counsel form, which the Court construes as motions. The blank appearance of counsel form, even when liberally construed, does not set forth any basis for appointing counsel for Plaintiff and is, thus, denied. Because Plaintiff's Complaint and IFP motion are deficient, this matter cannot proceed to service of process at this time. Also, if Plaintiff seeks to proceed IFP, the Court is required to review Plaintiff's Complaint to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss an in forma pauperis complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If Plaintiff is proceeding IFP, then this matter will not proceed to service until after the Court has conducted this review and determined that summons may issue. Accordingly, Plaintiff's motions for summons and waiver of service of summons are denied as premature.

IT IS THEREFORE ORDERED that:

1.      Plaintiff is directed to correct the above-listed technical defects on or before **May 13, 2026**. To be clear, Plaintiff must file a signed copy of his Complaint, Filing No. 1, and IFP motion, Filing No. 8, prior to the May 13, 2026, deadline. Failure to comply with this Memorandum and Order will result in dismissal of this matter without prejudice and without further notice.

2.      The Clerk of Court is directed to send to Plaintiff copies of the signature page of his Complaint, Filing No. 1 at 5, and his IFP Motion, Filing No. 8.

3.      The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **May 13, 2026**: deadline to submit signed Complaint and IFP Motion.

4.      No further review of this case shall take place until Plaintiff complies with this Memorandum and Order.

5.      Plaintiff's pending motions for summons, waiver of service of summons, and appointment of counsel, Filing No. 2; Filing No. 5; Filing No. 6, are denied without prejudice for the reasons stated in this order.

6.      The Clerk of Court is directed to send a copy of this order to Charles F. Kaplan at the address provided in Filing No. 9.

Dated this 13th day of April, 2026.

BY THE COURT:

_John M. Gerrard_

John M. Gerrard
Senior United States District Judge

3